UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

LARRY REED NEWCOMB,

      **Plaintiff,**

**V.**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

CIVIL ACTION NO. 7:16-67-KKC

<u>**OPINION AND ORDER**</u>

\*\*\* \*\*\* \*\*\*

Plaintiff Larry Reed Newcomb brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for a period of disability and disability insurance benefits. The Court, having reviewed the record, will **AFFIRM** the decision of the Commissioner of Social Security.

## I.    Procedural background and the administrative decision

Newcomb was born on July 23, 1961, and he filed a claim for a period of disability and disability insurance benefits, alleging disability beginning on May 15, 2012. (AR. 166).

In denying Newcomb's claim, the administrative law judge ("ALJ") engaged in the five-step sequential process set forth in the regulations under the Social Security Act. 20 C.F.R. § 404.1520(a)–(e); *see, e.g.*, *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Newcomb has not engaged in substantial gainful activity since May 15, 2012, the alleged onset date of disability. (AR at 14).

At step two, the ALJ found that Newcomb has the following severe impairments: degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease, and hernia with prior surgical repair. (AR at 14).

At step three, the ALJ found Newcomb does not have an impairment or a combination of impairments that meets or medically equals the severity of one of the listed impairments of the federal regulations. (AR at 15).

Before proceeding to step four, the ALJ found that Newcomb has:

> [T]he residual functional capacity to lift/carry and push/pull up to 20 pounds occasionally and up to 10 pounds frequently, stand/walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday. He can occasionally climb, stoop, kneel, crouch, and crawl and frequently balance. The claimant must avoid temperature extremes and concentrated exposure to humidity, dust, fumes, gasses, odors, and poor ventilation.

(AR at 15–16).

At step four, the ALJ found Newcomb is unable to perform any past relevant work. (AR at 18).

At step five, the ALJ determined that, considering Newcomb's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (AR at 19). These jobs include: cashier; food preparation worker; and cleaner. (AR at 19).

After applying all five steps, the ALJ found that Newcomb is not disabled. (AR at 20).

The Appeals Council denied Newcomb's request for review, and Newcomb sought judicial review by this Court.

## II. Discussion

As a preliminary matter, the Court recognizes that its review of the decision by the ALJ is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (internal quotation marks omitted). "Moreover, '[w]hen deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility.'" *Ulman v.*

*Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)).

Additionally, "[a]s long as the ALJ cited substantial, legitimate evidence to support [her] factual conclusions, we are not to second-guess: 'If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion.'" *Id.* (quoting *Bass*, 499 F.3d at 509).

Newcomb argues that the ALJ's decision to deny him benefits must be reversed because it does not reflect the substantial evidence in the record. (DE 9-1, Pl. Mem. at 8). In particular, Newcomb argues that the ALJ's "denial in this case is not based upon the substantial and uncontradicted medical and testimonial evidence documenting Plaintiff's severe physical conditions, but is based upon the ALJ's arbitrary and capricious decision to improperly discount the severity of those impairments and instead substitute her impression of the Plaintiff's disability over medical judgments in the record." This Court will consider each of Newcomb's arguments below.

### A. ALJ's Use of Dr. Gibson's Opinion

First, Newcomb argues that the opinion of Dr. Gibson, a family physician who examined the claimant twice, was improperly discounted by the ALJ. (DE 9-1, Pl. Mem. at 10-11). Dr. Gibson opined that Newcomb was "totally disabled for gainful employment." (AR 458). ALJs must "evaluate every medical opinion [they] receive" about a claimant and give "controlling weight" to opinions from treating sources "[i]f [they] find that a treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c), (c)(2). An ALJ must provide "good reasons" for not giving a treating physician's opinion controlling weight. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.

2004). In this case, the ALJ gave good reasons for discounting the opinion of Dr. Gibson, and the Court finds that the decision was supported by substantial evidence in the record.

In particular, Dr. Gibson only examined the claimant twice, showing a short term of treatment and an infrequency of examination. *See* 20 C.F.R. 404.1527(c)(2)(i). Further, the ALJ correctly found Dr. Gibson's opinion to be inconsistent with a large part of the available record. (AR 18); *see* 20 C.F.R. 404.1527(c)(4). While Dr. Gibson indicated that Newcomb could walk for no more than thirty minutes without interruption and no longer than one hour per work day (AR 548), Newcomb testified before the ALJ that he routinely walks up and down his driveway, and "mostly just walk[s]" to pass time during the day. (AR 37). Dr. Gibson's opinion that Newcomb is totally disabled is also inconsistent with evidence in the record showing fairly normal examination findings (*see, e.g.,* AR 416-17, 425-426, 429-430), and imaging showing only mild degeneration in Newcomb's lumbar spine. (AR 530). Further, there is inconsistency in Dr. Gibson's own opinion from October 2014, in which the Doctor both claims that Newcomb can never lift 11-20 pounds, but can carry 11-20 pounds occasionally. (AR 547). Finally, the ALJ was not bound by Dr. Gibson's conclusory statement that Newcomb was "totally disabled for gainful employment." (AR 458). A disability determination involves many factors, "only one of which is medical impairment, and it is reserved exclusively to the Secretary or to various state agencies." *King v. Heckler,* 742 F.2d 968, 973 (6th Cir. 1984). For these reasons, the Court finds the ALJ's decision to give limited weight to Dr. Gibson's opinion is supported by substantial evidence.

## B. ALJ's Determination of Newcomb's Limitations

### i. Substantial Evidence Within the Record

The ALJ found that Newcomb had the following severe impairments: degenerative disc disease of the lumbar spine, COPD, and hernia with prior surgical repair. (AR 14). However, the ALJ found that the impairments did not meet or equal a listed impairment, requiring the ALJ to

"consider the impact of [Newcomb's] impairments…on [Newcomb's] residual functional capacity." 20 C.F.R. 404.1529(d)(4). The ALJ is responsible for assessing residual functional capacity, and is properly within that role when assessing both medical and non-medical evidence. 20 C.F.R. § 404.1546(c); *see also Poe v. Commissioner of Social Sec.,* 342 Fed.Appx. 149, 157 (6th Cir. 2009). In this case, the ALJ's determination that Newcomb's residual functional capacity allows him to complete light work finds support in the subjective testimony of Newcomb, medical reports, and consultative opinions found in the record.

The ALJ properly considered Newcomb's daily activities. 20 C.F.R. § 404.1529(c)(3)(i). The record shows, including through Newcomb's own hearing testimony, that his daily activities include independently caring for his hygiene and appearance (AR 36), spending the day "mostly" walking in his driveway (AR 37), having the ability to do dishes and wipe counters (AR 37), and having the ability to "go out alone" and operate an automobile (AR 215). The ALJ further considered that, one month after the alleged onset of total disability, Newcomb requested that Martin County Community Health Center forward the results of a physical examination to a mining company in an attempt to get hired. (AR 410). Given this evidence, this Court finds that the ALJ's decision to assign some, but not full credit, to Newcomb's allegations of complete disability is supported by substantial evidence.

Medical reports and consultative examinations in the record also support the ALJ's ultimate conclusion concerning Newcomb's limitations. In May 2014, a lumbar spine x-ray performed by the Pikeville Medical Center showed only mild degenerative disk disease and mild dextroscoliosis, and a chest x-ray was normal. (AR 529-530). In an examination of Newcomb in October 2012 by Dr. William Waltrip, M.D., range of motion testing in regards to Newcomb's back was noted as being completed "totally without limitation." (AR 417). The ALJ notes that the record contains no

documented stenosis or nerve root involvement in relation to Newcomb's back. (AR 18). Dr. Waltrip also indicated that Newcomb's COPD "only minimally limits his ability to walk, stand or sit," and believed Newcomb "should be able to lift objects up to 50 pounds without limitation." (AR 417). The ALJ also noted that, while Newcomb claims to have disabling limitations as a result of his hernia repair in 2010 (AR 278-279), Newcomb was able to work following the repair until 2012 when he lost his business due to a downturn in the economy. (AR 32; 258; 462). An ultrasound of the area in August 2011 found only an enlarged right testicle, and "no evidence of inguinal hernia." (AR 375). While the ALJ was incorrect in concluding that there are no documented complaints of hernia impairment after August 2011 (*see e.g.,* AR 462), the evidence of his daily routine, overall medical record, and consultative exams cited above supports the ALJ's determination that no impairment, including Newcomb's hernia repair, rises to the level of totally disabling. Finally, after reviewing Newcomb's previous medical records and opinions, state agency physicians Dr. Colebank (AR 49-61) and Dr. Brown (AR 71-75) both opined that Newcomb could perform a range of light work.

The finding by the ALJ that Newcomb's impairments were limiting, but not totally disabling, and that his residual functional capacity allowed him to complete light work is supported by substantial evidence in the record.

### ii. Newcomb's Objections

Newcomb's objections to the ALJ's finding are without merit. Review in this Court is limited to whether substantial evidence supports the ALJ's determination. Rabbers v. Comm'r Soc. Sec. Admin., 582 F.3d 647, 651 (6th Cir. 2009). When the record evidence permits two reasonable inferences, at least one of which supports the ALJ's result, this Court must affirm. See Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001).

Several of Newcomb's objections are to the ALJ's failure to classify particular impairments as severe. In this Circuit, however, if an ALJ finds that the claimant has at least one severe impairment, continues on through the sequential evaluation process, and properly considers all of a claimant's impairments in determining residual functional capacity, there is no reversible error. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *see also Winn v. Commissioner of Social Sec.,* 615 Fed.Appx. 315, 326 (6th Cir. 2015). Here, the ALJ found severe impairments, continued on through the sequential evaluation, and considered both Newcomb's right shoulder (AR 14-15; 16) and mental limitations, including the effects of his psychotropic medication (AR 15-16), so there is no error as to these limitations. Nevertheless, the Court considers the substance below.

First, Newcomb argues that the ALJ erred in finding his history of depression to be a non-severe impairment, and failing to include significant mental limitations in the hypothetical posed to the vocational expert. *Id.* at 11-12. While the record indicates that Newcomb has struggled with depression in the past, the ALJ points out that Newcomb was nonetheless able to work despite those symptoms prior to the onset of disability. (AR 15; 377; 422). Further, the ALJ properly considered the reports of two state agency psychologists, Dr. Derek O'Brien (AR 55-56) and Dr. Frances Martinez (AR 69-70), who both found Newcomb's depression to be non-severe, and create only mild limitations.

Second, Newcomb argues that the ALJ erred in not finding his right shoulder impairment to be severe. The ALJ properly found that Newcomb's shoulder was "presently a non-severe condition, both for durational and functional reasons." (AR 15). The record indicates that when Newcomb presented with right shoulder pain in May 2014, he indicated that symptoms had only been present for three months prior. (AR 507). While the orthopedist noted signs of tendinitis and

impingement, x-rays of the shoulder were negative for significant abnormalities. (AR 488). Further, the ALJ noted that Newcomb "did not report any specific functional difficulties that he has as a result of the right shoulder disorder." (AR 15; 26-48); *see* 20 C.F.R. § 404.1529(a) ("In evaluating the intensity and persistence of your symptoms, including pain, we will consider all of the available evidence, including…statements about how your symptoms affect you.").

Third, Newcomb argues that his COPD limitations were not properly taken into account by the ALJ. (DE 9-1, at 10). But his argument relies largely on the findings of Dr. Gibson that were properly discounted by the ALJ, as discussed above. *Id.*

Fourth, Newcomb argues that his subjective complaints of complete disability were not properly considered by the ALJ. (DE 9-1, at 12). The ALJ did consider Newcomb's subjective complaints as to the symptoms of his impairments, but ultimately concluded that Newcomb's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (AR 18). "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "Nevertheless, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Here, the ALJ made her determination by looking at the record as a whole, showing "limited evidence of treatment" and "some, but not entirely work-preclusive, limitations." (AR 18). This finding is supported by Newcomb's own statements regarding his daily activities, discussed above, and multiple opinions in the record finding Newcomb's subjective claims of complete disability only partially credible, including by Dr. Brown (AR 73), Dr. Colebank (AR 60), and Dr. Waltrip (AR 417).

### III.    Conclusion

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1.    Plaintiff's motion for summary judgment (DE 9) is **DENIED**;

2.    The Commissioner's motion for summary judgment (DE 10) is **GRANTED**;

3.    The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4.    A judgment consistent with this Opinion and Order will be entered contemporaneously.

Dated September 29, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY